JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
LIUDVIKAS BUKYS & PAMELA ANN K. BUKYS, h/w individually and LIUDVIKAS BUKYS as Administrator of the Estate of KATHERINE A. BUKYS, Deceased

**DEFENDANTS**
RICHARD J. TABOR, M.D., TEAM HEALTH HOLDINGS, INC., d/b/a TEAM HEALTH, ERM MEDICINE, THE POCONO HEALTH SYSTEM, d/b/a THE POCONO MEDICAL CENTER

(b) County of Residence of First Listed Plaintiff
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) Attorneys *(Firm Name, Address, and Telephone Number)*
EUGENE MATTIONI, ESQUIRE
MATTIONI, LTD.
399 MARKET STREET, SUITE 200, PHILA., PA 19106 (215) 629-1600

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | | |
|---|---|---|
| ☐ 1  U.S. Government Plaintiff | ☐ 3  Federal Question *(U.S. Government Not a Party)* | |
| ☐ 2  U.S. Government Defendant | ☒ 4  Diversity *(Indicate Citizenship of Parties in Item III)* | |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                           *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | ☒ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 195 Contract Product Liability | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 196 Franchise | | | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | |
|---|---|---|---|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation |

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. Section 1332
Brief description of cause:
Medical Malpractice/Wrongful Death & Survival Act,

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*   JUDGE _____ DOCKET NUMBER _____

DATE  7/17/2015

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

## UNITED STATES DISTRICT COURT

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM** to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 1 Cloister Lane, Webster, NY 14580

Address of Defendant: 208 East Brown Street, East Stroudsburg, PA 18301, 3130 Muirfield Road, Center Valley, PA 18034 (SEE ATTACHED SHEET)

Place of Accident, Incident or Transaction: *(Use Reverse Side For Additional Space)*
POCONO MEDICAL CENTER, STROUDSBURG, PA

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?

(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))     Yes☐   No☒

Does this case involve multidistrict litigation possibilities?     Yes☐   No☒

*RELATED CASE, IF ANY:*

Case Number: _____   Judge _____   Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
     Yes☐   No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
     Yes☐   No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
     Yes☐   No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
     Yes☐   No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify) _____

B. *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☒ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases

(Please specify) **Medical Malpractice**

## ARBITRATION CERTIFICATION

*(Check Appropriate Category)*

I, EUGENE MATTIONI , counsel of record do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: 07/17/2015     EUGENE MATTIONI     15291
                     Attorney-at-Law           Attorney I.D.#

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 7/17/2015     EUGENE MATTIONI     15291
                    Attorney-at-Law          Attorney I.D.#

CIV. 609 (5/2012)

In Re:  LIUDVIKAS BUKYS & PAMELA ANN K. BUKYS
h/w individually and LIUDVIKAS BUKYS as
Administrator of the ESTATE OF KATHERINE
A. BUKYS, Deceased

## **ADDITIONAL ADDRESSES**

265 Brookview Center Way
Suite 400
Knoxville, Tennessee 37919

208 East Broad Street
East Stroudsburg, PA 18301

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CASE MANAGEMENT TRACK DESIGNATION FORM

LIUDVIKAS BUKYS & PAMELA ANN K. BUKYS :         CIVIL ACTION
h/w individually and LIUDVIKAS BUKYS :
as Administrator of the ESTATE OF KATHERINE :
A. BUKYS, Deceased :
             v           :        NO.

RICHARD J. TABOR, M.D., (SEE ATTACHED SHEET)

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.       ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.       ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.       ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court.  (See reverse side of this form for a detailed explanation of special
    management cases.)       ( X )

(f) Standard Management – Cases that do not fall into any one of the other tracks.       ( )

07/17/2015           _Mattioni_          PLAINTIFFS
Date              Attorney-at-law        Attorney for

(215) 629-1600       (215) 923-2227       emattioni mattioni.com

Telephone            FAX Number          E-Mail Address

(Civ. 660) 10/02

### IN THE UNITED STATES DISTRICT COURT FOR THE
### EASTERN DISTRICT OF PENNSYLVANIA
### 504 HAMILTON STREET, ROOM 1601
### ALLENTOWN, PENNSYLVANIA 18101–1500

| | | |
|---|---|---|
| LIUDVIKAS  BUKYS and PAMELA ANN K. BUKYS h/w individually and LIUDVIKAS BUKYS as Administrator of the ESTATE OF KATHERINE A. BUKYS, DECEASED | : | CIVIL ACTION |
| | : | NO: |
| Plaintiffs | : | |
| v. | : | |
| RICHARD J. TABOR, M.D. TEAM HEALTH HOLDINGS, INC. d/b/a TEAM HEALTH, ERM MEDICINE, THE POCONO HEALTH SYSTEM d/b/a THE POCONO MEDICAL CENTER | : | DEMAND FOR JURY TRIAL |
| Defendants | : | |

### PLAINTIFFS' CIVIL ACTION COMPLAINT

Plaintiffs, Liudvikas Bukys and Pamela Ann K. Bukys, individually, and Plaintiff

Liudvikas Bukys, as Administrator of the Estate of Katherine A. Bukys, Deceased, allege:

### PARTIES AND JURISDICTION

1. Plaintiffs, Liudvikas Bukys and Pamela Ann K. Bukys, are the parents of Katherine A. Bukys, Deceased (herein Katherine or Decedent), and are individual citizens of the State of New York residing at 1 Cloister Lane, Webster, New York 14580.

2. Liudvikas Bukys was appointed Administrator of the Estate of Katherine A. Bukys by the Surrogate of the County of Monmouth, New Jersey, on December 8, 2014, and brings this action individually and on behalf of the Estate of Katherine A. Bukys, Deceased, and on

behalf of all persons entitled to recover damages pursuant to the Pennsylvania Wrongful
Death, 42 Pa.C.S.A. § 8301.  A copy of the Letters of Administration is attached hereto as
Exhibit "A".

3.  Katherine formerly resided and was domiciled at 1417 Unami Avenue, Ocean Township,
Monmouth County, New Jersey 07712.

4.  All Defendants are licensed professionals and have offices in East Stroudsburg,
Pennsylvania. Plaintiffs are asserting a professional liability claim against all named
defendants. Certificates of Merit applicable to Plaintiffs' claims against each of the
Defendants, pursuant to Pa. R.C. P. 1042.3, are attached hereto as Exhibits "B" through
"D".

5.  Defendant Richard A. Tabor, M.D. (herein Dr. Tabor) is an individual adult citizen of and
physician licensed to practice medicine in the Commonwealth of Pennsylvania who, at all
times during the events at issue herein, has maintained an office and a regular place of
business as a member of Team Health, EMR Medicine at Pocono Medical Center, 208 East
Brown Street, East Stroudsburg, Pennsylvania 18301.  He is believed to be residing and
domiciled at 3130 Muirfield Road, Center Valley, Pennsylvania 18034.

6.  Defendant Team Health Holdings, Inc., also known as and doing business as Team Health,
EMR Medicine (herein Team Health) is a provider of hospital-based administrative and
staffing services and is a corporation duly organized and existing pursuant to the laws of
the State of Delaware with corporate headquarters at 265 Brookview Center Way, Suite
400, Knoxville, Tennessee 37919.  Team Health has a nationwide presence, including
within the Eastern District of Pennsylvania.

7.  Defendant Pocono Health Systems, also known as and doing business as The Pocono Medical Center (herein Pocono Medical Center) is a corporation duly organized and existing pursuant to the laws of the Commonwealth of Pennsylvania which, at all times during the events at issue herein, has done business as and owned, maintained and/or operated a general hospital known at the Pocono Medical Center located at 208 East Brown Street, East Stroudsburg, Pennsylvania 18301.

8.  Jurisdiction is based upon diversity of citizenship of the parties and the amount in controversy, without interest and costs, exceeds the sum or value specified by 28 U.S.C. §1332.

9.  Venue is proper in this District pursuant to 28 U.S.C. §1391(b)(2) because this is a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred. An essential element of Plaintiffs' cause of action occurred in this District in that Katherine received a substantial portion of her medical treatment, suffered extreme pain and suffering, and ultimately died at the Lehigh Valley Hospital located in Allentown, Pennsylvania. Furthermore, Pocono Medical Center is part of the Jefferson Neuroscience Network offering patients access to the resources of Jefferson's comprehensive stroke center. This is an action brought pursuant to the Wrongful Death and Survival Act of the Commonwealth of Pennsylvania, 42 Pa. C.S.A. § 8301 and 42 Pa. C.S.A . § 8302.

10. Venue is also proper in this District pursuant to 28 U.S.C. §1391(b)(1) and (d). Defendant Team Health is subject to personal jurisdiction in Pennsylvania and conducts business in the Eastern District of Pennsylvania.  It has established multiple contacts with the Eastern District of Pennsylvania. Defendant Team Health has an office at 1201 Newtown-Langhorne Road, Langhorne, Pennsylvania 19047. It staffs various types of physicians and

3

personnel in hospitals in Philadelphia, Langhorne, and Norristown (Nazareth Hospital, St. Mary Medical Center, and Mercy Suburban Hospital, respectively). For venue purposes, a defendant corporation, such as Team Health, "shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced." 28 U.S.C. §1391(d). Furthermore, Defendant Dr. Tabor is a resident and domiciliary of this District and is subject to personal jurisdiction in this District. 28 U.S.C. §1391(b)(1); *see also* 28 U.S.C. §1391(c)(1).

## COUNT I: NEGLIGENCE

### LIUDVIKAS BUKYS AND PAMELA ANN K. BUKYS H/W INDIVIDUALLY AND LIUDVIKAS BUKYS AS THE ADMINISTRATOR OF THE ESTATE OF KATHERINE A. BUKYS, DECEASED v. ALL NAMED DEFENDANTS

11. Plaintiffs incorporate by reference the averments in all preceding paragraphs as though set forth fully herein.

12. At all times relevant to this action, Dr. Tabor held himself out as specializing in emergency room medicine and was an agent, servant, employee, apparent agent, and/or ostensible agent of Defendants Pocono Medical Center and Team Health, acting within the course and scope of his agency and/or employment.

13. At all times during the events at issue herein, Defendant Team Health employed Defendant Dr. Tabor and, upon information and belief, provided emergency room physician staffing at Pocono Medical Center.

14. At all times during the events at issue herein, Defendant Team Health was acting in their institutional and/or corporate capacities and, also, was acting by and through their agents, servants, employees, apparent agents, and ostensible agents, whose identity beyond specified in this Complaint remains currently unknown to Plaintiffs.

15. At all times during the events at issue herein, Defendant Pocono Medical Center employed and/or controlled Defendant Dr. Tabor, was acting in their institutional and/or corporate capacities, and was also acting by and through their agents, servants, employees, apparent agents, and ostensible agents, whose identity beyond those specified in this Complaint remains currently unknown to Plaintiffs.

16. At all times relevant to this action, all Defendants were acting in their own right and, also, by and through the acts and omissions of their agents, servant, employees, apparent agents and/or ostensible agents, who were acting under the control or right of control of their principal and within the course and scope of said agency, employment, apparent agency, or ostensible agency; beyond the identity of said agents, servant, employees, apparent agents and/or ostensible agents described in the Complaint, said identity remains unknown to the Plaintiffs at the time of filing this Complaint.

17. Decedent Katherine Bukys became a patient at the Lehigh Valley Hospital on November 1, 2014 at or about 17:30 where she endured hours of pain and suffering after being transferred by medical helicopter from Pocono Medical Center.

18. Katherine died as a direct result of care and treatment by Defendants at Pocono Medical Center that fell outside the acceptable medical and professional standards in that there was a failure to promptly diagnose and treat obvious stroke symptoms and a failure to transfer Katherine to a high level of care in a timely manner.

19. On November 2, 2014, Katherine passed away at or about 05:51 at the Lehigh Valley Hospital after the medical team there was unable to save her life despite multiple interventions to control complications resulting from the delayed diagnosis and mismanagement of her stroke symptoms at the Pocono Medical Center.

20. Defendants Dr. Tabor, Team Health, and Pocono Medical Center solely, directly, and proximately caused the death of Katherine at the young age of 24 by the joint and several medical malpractice, negligence and carelessness of the Defendants while Katherine was in their care.

21. As a direct and proximate result of the medical malpractice, negligence, and carelessness of all named Defendants, acting individually or in concert, Katherine incurred medical expenses and a loss of earnings and earning capacity.

22. In addition to the averments of negligence and carelessness set forth above, Defendants Team Health and Pocono Medical Center are liable to Plaintiffs pursuant to the doctrine of corporate liability, as recognized by the Supreme Court of Pennsylvania in <u>Thompson v. Nason Hosp.</u>, 591 A.2d 703 (Pa.1991), and its progeny.

23. Katherine's injuries and eventual death and demise at the young age of 24 were due in no matter whatsoever to any act or failure to act on Katherine's part and/or Plaintiffs' part, and Plaintiffs are entitled to recover the full value of the life of Decedent Katherine in addition to the damages listed above.

24. Katherine did not commence an action for damages relating to medical negligence in her lifetime.

## COUNT II: WRONGFUL DEATH

### LIUDVIKAS BUKYS AND PAMELA ANN K. BUKYS H/W INDIVIDUALLY AND LIUDVIKAS BUKYS AS THE ADMINISTRATOR OF THE ESTATE OF KATHERINE A. BUKYS, DECEASED V. ALL NAMED DEFENDANTS

25. Plaintiffs incorporate by reference the averments in all preceding paragraphs as though set forth here fully herein.

26. Plaintiffs, individually, and Plaintiff Liudvikas Bukys, in his capacity as the personal representative of the Estate of Katherine A. Bukys, Deceased, bring this action on behalf of all persons potentially entitled by law to recover damages for Katherine's wrongful death, in accordance with the Pennsylvania Wrongful Death Act, 42 Pa. C.S.A. § 8301, and Rule 2202 of the Pennsylvania Rules of Civil Procedure.

27. Katherine leaves surviving the following persons potentially entitled to recover under the Wrongful Death Act, 42 Pa. C.S.A. § 8301:

> Liudvikas Bukys
> 1 Cloister Lane
> Webster, New York 14580
> (father and Plaintiff herein)
>
> Pamela Ann K. Bukys
> 1 Cloister Lane
> Webster, New York 14580
> (mother and Plaintiff herein)
>
> Elizabeth Bukys
> 34 N. Albion Drive
> Colorado Springs, CO 80911
> (sister of Decedent Katherine herein)
>
> Zechariah Bukys
> 1 Cloister Lane
> Webster, New York 14580
> (brother of Decedent Katherine herein)

28. No recovery for the same damages claimed in this wrongful death action was obtained by Katherine during her lifetime, and no prior action has been brought on behalf of Katherine as a result of her wrongful death.

29. As proximate consequence of her wrongful death, Katherine's survivors have suffered, will continue to suffer forever, and claim damages for pecuniary losses including the following:

(a)     medical, funeral, burial, and estate administration expenses;

(b)     loss of the service, companionship, society, comfort, maintenance, guidance, and tutelage which Katherine would have provided for the remainder of her natural life;

(c)     loss of the contribution that Katherine would have made for the rest of her life.

30. Plaintiffs claim damages for the full measure of damages allowed under the Pennsylvania Wrongful Death Act and decisional law interpreting said Act.

WHEREFORE, Plaintiffs, Liudvikas Bukys and Pamela Ann K. Bukys, individually, and Liudvikas Bukys, as the Administrator of the Estate of Katherine A. Bukys, Deceased, hereby demand judgment against all named Defendants jointly and severally and claim compensatory damages in an amount in excess of the sum of value specified by 28 U.S.C. § 1332 exclusive of interest and costs, as well as prejudgment interest, post-judgment interest, and such other relief and damages as permitted by law.

## COUNT III: SURVIVAL

### LIUDVIKAS BUKYS, ADMINISTRATOR OF THE ESTATE OF KATHERINE A. BUKYS, DECEASED V. ALL NAMED DEFENDANTS

31. Plaintiff incorporates by reference the averments in all preceding paragraphs as though set forth fully herein.

32. Plaintiff brings this action on behalf of the Estate of Katherine A. Bukys, Deceased, in accordance with the Pennsylvania Survival Act, 42 Pa. C.S.A. § 8302.

33. Plaintiff claims damages for the losses sustained by Katherine's estate, including:

(a)     loss of Katherine's earnings, earning capacity, and income over the remainder of her natural life;

(b)     Katherine's conscious mental and physical pain and suffering, discomfort,

inconvenience, distress, embarrassment, fear, humiliation, disfigurement, and loss

of life's pleasures from the time of the events at issue through the time of her

death.

34. Plaintiff claims damages for the full measure of damages allowed under the Pennsylvania

Survival Act and decisional law interpreting said Act.

WHEREFORE, Plaintiff, Liudvikas Bukys, Administrator of the Estate of Katherine A.

Bukys, Deceased, hereby demands judgment against all named Defendants jointly and severally

and claims compensatory damages in an amount in excess of the sum of value specified by 28

U.S.C. § 1332 exclusive of interest and costs, as well as prejudgment interest, post-judgment

interest, and such other relief and damages as permitted by law.

## JURY TRIAL DEMAND

Plaintiffs hereby demand a trial by a jury of twelve (12).

MATTIONI, LTD.

BY: _____

Eugene Mattioni, Esquire
Attorney I.D. #15291
399 Market Street, Suite 200
Philadelphia, PA 19106
(215) 629-1600
(215) 923-2227 (fax)
E-mail: emattioni@mattioni.com

Attorney for Plaintiffs Liudvikas Bukys and Pamela
Ann K .Bukys h/w individually and Liudvikas
Bukys as the Administrator of the Estate of
Katherine A. Bukys, Deceased

Dated: _7/17/15_

9

# EXHIBIT "A"

# State of New Jersey
# Monmouth County Surrogate's Court



In the Matter of the Estate of
**Katherine Bukys,** Deceased
(aka: )

**ADMINISTRATION
SHORT CERTIFICATE**
Docket No. **240848**

I, **Rosemarie D. Peters,** Surrogate of the County of **Monmouth**, do certify that Letters of Administration of the decedent, intestate, late of **Monmouth** County, on **December 8th, 2014**, were granted by the **Monmouth** County Surrogate's Court to **Liudvikas Bukys** who is(are) duly authorized to administer the same agreeably to law; and I further certify that said letters, as appears from the records of this Court, have never been revoked and still remain in full force and effect.

WITNESS my hand and seal of office, this **8th day of December 2014.**

Rosemarie D. Peters

**Rosemarie D. Peters, Surrogate**



This is to certify that this is a true copy of the record which is on file in the Pennsylvania Department of Health, in accordance with the Vital Statistics Law of 1953.

**WARNING: It is illegal to duplicate this copy by photostat or photograph.**



*Lana R. Adams*
Lana R. Adams
State Registrar

8313546

No.

NOV 05 2014

Date

Type/Print in Permanent Black Ink

COMMONWEALTH OF PENNSYLVANIA • DEPARTMENT OF HEALTH • VITAL RECORDS

## CERTIFICATE OF DEATH

State File Number:

| 1. Decedent's Legal Name (First, Middle, Last, Suffix) Katherine Bukys | 2. Sex Female | 3. Social Security Number 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 | 4. Date of Death (Mo/Day/Yr) (Spell Mo) November 2, 2014 |
|---|---|---|---|

| 5a. Age-Last Birthday (Yrs) 24 | 5b. Under 1 Year Months / Days | 5c. Under 1 Day Hours / Minutes | 6. Date of birth (Mo/Day/Yr) (Spell Month) June 18, 1990 | 7a. Birthplace (City and State or Foreign Country) Rochester NY | 7b. Birthplace (County) Monroe |

| 8a. Residence (State or Foreign Country) NJ | 8b. Residence (Street and Number - Include Apt No.) 1417 Unami Ave. Rear | 8c. Did Decedent Live in a Township? ☑ Yes, decedent lived in Ocean twp. / ☐ No, decedent lived within limits of _____ city/boro. |
| 8d. Residence (County) Monmouth | 8e. Residence (Zip Code) 07712 | |

| 9. Ever in US Armed Forces? ☐ Yes ☑ No ☐ Unknown | 10. Marital Status at Time of Death ☐ Married ☑ Never Married ☐ Divorced ☐ Widowed ☐ Unknown | 11. Surviving Spouse's Name (If wife, give name prior to first marriage) |

| 12. Father's Name (First, Middle, Last, Suffix) Liudvikas Bukys | 13. Mother's Name Prior to First Marriage (First, Middle, Last) Pamela Ann Krause |

| 14a. Informant's Name Liudvikas Bukys | 14b. Relationship to Decedent father | 14c. Informant's Mailing Address (Street and Number, City, State, Zip Code) 1 Cloister Lane Webster NY 14580 |

| If Death Occurred in a Hospital: ☐ Inpatient ☐ Emergency Room/Outpatient ☐ Dead on Arrival | 15a. Place of Death (Check only one) If Death Occurred Somewhere Other Than a Hospital: ☐ Nursing Home/Long-Term Care Facility ☐ Hospice Facility ☐ Decedent's Home ☐ Other (Specify) |
| 15b. Facility Name (If not institution, give street and number) Lehigh Valley Hospital - Cedar Crest | 15c. City or Town, State, and Zip Code Allentown, PA 18103 | 15d. County of Death Lehigh |

| 16a. Method of Disposition ☐ Burial ☑ Cremation ☐ Removal from State ☐ Donation ☐ Other (Specify) | 16b. Date of Disposition 11-4-2014 | 16c. Place of Disposition (Name of cemetery, crematory, or other place) Strauch Crematory |
| 16d. Location of Disposition (City or Town, State, and Zip) Lehigh Twp Pa 18424 | 17a. Signature of Funeral Service Licensee or Person in Charge of Interment *John F. McWie* | 17b. License Number fd-138455 |

| 17c. Name and Complete Address of Funeral Facility Brian Arthur Strauch Funeral Homes & Cremation Srvs 602 Birch St Scranton Pa 18505 |

| 18. Decedent's Education - Check the box that best describes the highest degree or level of school completed at the time of death. ☐ 8th grade or less ☐ No diploma, 9th - 12th grade ☐ High school graduate or GED completed ☐ Some college credit, but no degree ☐ Associate degree (e.g. AA, AS) ☑ Bachelor's degree (e.g. BA, AB, BS) ☐ Master's degree (e.g. MA, MS, MEng, MEd, MSW, MBA) ☐ Doctorate (e.g. PhD, EdD) or Professional degree (e.g. MD, DDS, DVM, LLB, JD) | 19. Decedent of Hispanic Origin - Check the box that best describes whether the decedent is Spanish/Hispanic/Latino. Check the "No" box if decedent is not Spanish/Hispanic/Latino. ☑ No, not Spanish/Hispanic/Latino ☐ Yes, Mexican, Mexican American, Chicano ☐ Yes, Puerto Rican ☐ Yes, Cuban ☐ Yes, other Spanish/Hispanic/Latino (Specify) | 20. Decedent's Race - Check ONE OR MORE races to indicate what the decedent considered himself or herself to be. ☑ White ☐ Black or African American ☐ American Indian or Alaska Native ☐ Asian Indian ☐ Chinese ☐ Filipino ☐ Japanese ☐ Other (Specify) / ☐ Korean ☐ Vietnamese ☐ Other Asian ☐ Native Hawaiian ☐ Guamanian or Chamorro ☐ Samoan ☐ Other Pacific Islander |

| 21. Decedent's Single Race Self-Designation - Check ONLY ONE to indicate what the decedent considered himself or herself to be. ☑ White ☐ Black or African American ☐ American Indian or Alaska Native ☐ Asian Indian ☐ Chinese ☐ Filipino ☐ Japanese ☐ Korean ☐ Vietnamese ☐ Other Asian ☐ Native Hawaiian ☐ Guamanian or Chamorro ☐ Samoan ☐ Other Pacific Islander ☐ Don't Know/Not Sure ☐ Refused ☐ Other (Specify) | 22a. Decedent's Usual Occupation - Indicate type of work done during most of working life. DO NOT USE RETIRED. Packaging Engineer |
| | 22b. Kind of Business/Industry Food |

| ITEMS 23a - 23d MUST BE COMPLETED BY PERSON WHO PRONOUNCES OR CERTIFIES DEATH | 23a. Date Pronounced Dead (Mo/Day/Yr) | 23b. Signature of Person Pronouncing Death (Only when applicable) | 23c. License Number |
| | 23d. Date Signed (Mo/Day/Yr) | 24. Time of Death 5:51 AM | 25. Was Medical Examiner or Coroner Contacted? ☑ Yes ☐ No |

### CAUSE OF DEATH

| 26. Part I. Enter the chain of events—diseases, injuries, or complications—that directly caused the death. DO NOT enter terminal events such as cardiac arrest, respiratory arrest, or ventricular fibrillation without showing the etiology. DO NOT ABBREVIATE. Enter only one cause on a line. Add additional lines if necessary | Approximate Interval: Onset to Death |
|---|---|
| IMMEDIATE CAUSE (Final disease or condition resulting in death) a. Intracerebral Hemmorhage    Due to (or as a consequence of): | 1 hour |
| Sequentially list conditions, if any, leading to the cause listed on line a. Enter the UNDERLYING CAUSE (disease or injury that initiated the events resulting in death) LAST. b. Cerebrovascular Accident (Stroke)    Due to (or as a consequence of): | 16 hours |
| c. _____    Due to (or as a consequence of): | |
| d. _____    Due to (or as a consequence of): | |

| 26. Part II. Enter other significant conditions contributing to death but not resulting in the underlying cause given in Part I none | 27. Was an autopsy performed? ☐ Yes ☑ No |
| | 28. Were autopsy findings available to complete the cause of death? ☐ Yes ☐ No |

| 29. If Female: ☐ Not pregnant within past year ☐ Pregnant at time of death ☐ Not pregnant, but pregnant within 42 days of death ☐ Not pregnant, but pregnant 43 days to 1 year before death ☑ Unknown if pregnant within the past year | 30. Did Tobacco Use Contribute to Death? ☐ Yes ☐ Probably ☑ No ☐ Unknown | 31. Manner of Death ☑ Natural ☐ Homicide ☐ Accident ☐ Pending Investigation ☐ Suicide ☐ Could not be determined |
| | 32. Date of Injury (Mo/Day/Yr) (Spell Month) | 33. Time of Injury |

| 34. Place of Injury (e.g. home; construction site; farm; school) | 35. Location of Injury (Street and Number, City, County, State, Zip Code) |

| 36. Injury at Work ☐ Yes ☐ No | 37. If Transportation Injury, Specify: ☐ Driver/Operator ☐ Pedestrian ☐ Passenger ☐ Other (Specify) | 38. Describe How Injury Occurred: |

| 39a. Certifier - physician, certified nurse practitioner, medical examiner/coroner (Check only one): ☑ Certifying only - To the best of my knowledge, death occurred due to the cause(s) and manner stated. ☐ Pronouncing & Certifying - To the best of my knowledge, death occurred at the time, date, and place, and due to the cause(s) and manner stated. ☐ Medical Examiner/Coroner - On the basis of examination and/or investigation, in my opinion, death occurred at the time, date, and place, and due to the cause(s) and manner stated. |
| Signature of certifier: *Gary W. Clauser, MD* | Title of certifier: MD | License Number: MD071824L |
| 39b. Name, Address and Zip Code of Person Completing the Death (Item 26) Gary W. Clauser, MD 1250 S Cedar Crest Blvd, Allentown, PA 18103 | 39c. Date Certified (Mo/Day/Yr) November 2, 2014 |

| 40. Registrar's District Number 35327 | 41. Registrar's Signature *Michelle H. Linsitch* | 42. Registrar File Date (Mo/Day/Yr) NOV 05 2014 |

| 43. Amendments CORRECTED ITEM: #25 PER FD 11-5-14 js |

Disposition Permit No. 0845192

H105-143
REV 07/2012

# EXHIBIT "B"

## IN THE UNITED STATES DISTRICT COURT FOR THE
### EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LIUDVIKAS  BUKYS and PAMELA ANN K. BUKYS | : | CIVIL ACTION |
| h/w individually and LIUDVIKAS BUKYS as | : | |
| Administrator of the ESTATE OF KATHERINE A. | : | NO: |
| BUKYS, DECEASED | : | |
| | : | |
| Plaintiffs | : | |
| | : | |
| v. | : | |
| | : | |
| RICHARD J. TABOR, M.D. | : | |
| TEAM HEALTH HOLDINGS, INC. d/b/a TEAM | : | |
| HEALTH, ERM MEDICINE, | : | |
| THE POCONO HEALTH SYSTEM d/b/a | : | |
| THE POCONO MEDICAL CENTER | : | |
| | : | |
| | : | |
| Defendants | : | |

## CERTIFICATE OF MERIT AS TO DEFENDANT RICHARD J. TABOR, M.D.

I, Eugene Mattioni, Esquire, certify that:

**XX**     an appropriate licensed professional has supplied a written statement to the undersigned

that there is a basis to conclude that the care, skill, or knowledge exercised or exhibited by this

Defendant in the treatment, practice, or work that is the subject of the Complaint, fell outside

acceptable professional standards and that such conduct was a cause in bringing about the harm;

AND/OR

the claim that this Defendant deviated from an acceptable professional standard is based

on allegations that other licensed professionals for whom this Defendant is responsible deviated

from an acceptable professional standard and an appropriate licensed professional has supplied a

written statement to the undersigned that there is a basis to conclude that the care, skill, or

knowledge exercised or exhibited by the other licensed professionals in the treatment, practice, or work that is the subject of the Complaint, fell outside acceptable professional standards and that such conduct was a cause in bringing about the harm;

AND/OR

expert testimony of an appropriate licensed professional is unnecessary for prosecution of the claim against this Defendant.

BY: _____
EUGENE MATTIONI, ESQUIRE

Dated:    7/17/15

# EXHIBIT "C"

## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LIUDVIKAS  BUKYS and PAMELA ANN K. BUKYS h/w individually and LIUDVIKAS BUKYS as Administrator of the ESTATE OF KATHERINE A. BUKYS, DECEASED | : : : : | CIVIL ACTION  NO: |
| Plaintiffs | : : : : | |
| v. | : : | |
| RICHARD J. TABOR, M.D. TEAM HEALTH HOLDINGS, INC. d/b/a TEAM HEALTH, ERM MEDICINE, THE POCONO HEALTH SYSTEM d/b/a THE POCONO MEDICAL CENTER | : : : : : : | |
| Defendants | : : | |

## CERTIFICATE OF MERIT AS TO DEFENDANT TEAM
## HEALTH HOLDINGS, INC. d/b/a TEAM HEALTH, ERM MEDICINE

I, Eugene Mattioni, Esquire, certify that:

**XX**    an appropriate licensed professional has supplied a written statement to the undersigned

that there is a basis to conclude that the care, skill, or knowledge exercised or exhibited by this

Defendant in the treatment, practice, or work that is the subject of the Complaint, fell outside

acceptable professional standards and that such conduct was a cause in bringing about the harm;

AND/OR

**XX**    the claim that this Defendant deviated from an acceptable professional standard is based

on allegations that other licensed professionals for whom this Defendant is responsible deviated

from an acceptable professional standard and an appropriate licensed professional has supplied a

written statement to the undersigned that there is a basis to conclude that the care, skill, or

knowledge exercised or exhibited by the other licensed professionals in the treatment, practice,

or work that is the subject of the Complaint, fell outside acceptable professional standards and

that such conduct was a cause in bringing about the harm;

AND/OR

expert testimony of an appropriate licensed professional is unnecessary for prosecution of

the claim against this Defendant.

BY: _____

EUGENE MATTIONI, ESQUIRE

Dated: __7/17/15_____

# EXHIBIT "D"

## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| LIUDVIKAS  BUKYS and PAMELA ANN K. BUKYS h/w individually and LIUDVIKAS BUKYS as Administrator of the ESTATE OF KATHERINE A. BUKYS, DECEASED | : : : : | CIVIL ACTION<br><br>NO: |
| Plaintiffs | : : : | |
| v. | : : | |
| RICHARD J. TABOR, M.D.<br>TEAM HEALTH HOLDINGS, INC. d/b/a TEAM HEALTH, ERM MEDICINE,<br>THE POCONO HEALTH SYSTEM d/b/a<br>THE POCONO MEDICAL CENTER | : : : : : | |
| Defendants | : : | |

## CERTIFICATE OF MERIT AS TO DEFENDANT THE
## POCONO HEALTH SYSTEM d/b/a THE POCONO MEDICAL CENTER

I, Eugene Mattioni, Esquire, certify that:

**XX**    an appropriate licensed professional has supplied a written statement to the undersigned

that there is a basis to conclude that the care, skill, or knowledge exercised or exhibited by this

Defendant in the treatment, practice, or work that is the subject of the Complaint, fell outside

acceptable professional standards and that such conduct was a cause in bringing about the harm;

AND/OR

**XX**    the claim that this Defendant deviated from an acceptable professional standard is based

on allegations that other licensed professionals for whom this Defendant is responsible deviated

from an acceptable professional standard and an appropriate licensed professional has supplied a

written statement to the undersigned that there is a basis to conclude that the care, skill, or

knowledge exercised or exhibited by the other licensed professionals in the treatment, practice,

or work that is the subject of the Complaint, fell outside acceptable professional standards and

that such conduct was a cause in bringing about the harm;

AND/OR

expert testimony of an appropriate licensed professional is unnecessary for prosecution of

the claim against this Defendant.

BY: _____

EUGENE MATTIONI, ESQUIRE

Dated:   7/17/15   _____