## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF PENNSYLVANIA
### 504 HAMILTON STREET, ROOM 1601
### ALLENTOWN, PENNSYLVANIA 18101–1500

| | | |
|---|---|---|
| LIUDVIKAS  BUKYS and PAMELA ANN K. BUKYS h/w individually and LIUDVIKAS BUKYS as Administrator of the ESTATE OF KATHERINE A. BUKYS, DECEASED | : : : : | CIVIL ACTION<br><br>NO: 5:15-cv-04110-JLS |
| Plaintiffs | : : : | |
| v. | : : | |
| RICHARD J. TABOR, M.D. EMERGENCY CARE SERVICES OF PENNSYLVANIA, P.C. THE POCONO HEALTH SYSTEM THE POCONO MEDICAL CENTER | : : : : | DEMAND FOR JURY TRIAL |
| Defendants | : : | |

### PLAINTIFFS' CIVIL ACTION AMENDED COMPLAINT

Plaintiffs Liudvikas Bukys and Pamela Ann K. Bukys, individually, and Plaintiff Liudvikas

Bukys, as Administrator of the Estate of Katherine A. Bukys, Deceased, allege:

### PARTIES AND JURISDICTION

1.  Plaintiffs Liudvikas Bukys and Pamela Ann K. Bukys, are the parents of Katherine A. Bukys,

    Deceased (herein Katherine or Decedent), and are individual citizens of the State of New York

    residing at 1 Cloister Lane, Webster, New York 14580.

2.  Liudvikas Bukys was appointed Administrator of the Estate of Katherine A. Bukys by the

    Surrogate of the County of Monmouth, New Jersey, on December 8, 2014, and brings this action

    individually and on behalf of the Estate of Katherine A. Bukys, Deceased, and on behalf of all

    persons entitled to recover damages pursuant to the Pennsylvania Wrongful Death, 42 Pa. C.S.A.

    §8301.  A copy of the Letters of Administration is attached hereto as Exhibit "A".

3. Katherine formerly resided and was domiciled at 1417 Unami Avenue, Ocean Township, Monmouth County, New Jersey 07712.

4. All Defendants are licensed professionals and have offices in East Stroudsburg, Pennsylvania. Plaintiffs are asserting a professional liability claim against all named defendants. Certificates of Merit applicable to Plaintiffs' claims against each of the Defendants, pursuant to Pa. R.C. P. 1042.3, are attached hereto as Exhibits "B" through "D".

5. Defendant Richard A. Tabor, M.D. (herein Dr. Tabor) is an individual adult citizen of and physician licensed to practice medicine in the Commonwealth of Pennsylvania who, at all times during the events at issue herein, has maintained an office and a regular place of business at Pocono Medical Center, 208 East Brown Street, East Stroudsburg, Pennsylvania 18301. He is believed to be residing and domiciled at 3130 Muirfield Road, Center Valley, Pennsylvania 18034.

6. Defendant Emergency Care Services of Pennsylvania, P.C. (hereinafter "ECS PA") is a professional corporation, and the employer of Richard A. Tabor, M.D., and is a provider of hospital-based administrative and staffing services and is a corporation duly organized and existing pursuant to the laws of the Commonwealth of Pennsylvania with corporate headquarters at 1201 Newtown-Langhorne Road, Langhorne, Pennsylvania 19047.

7. Defendant Pocono Health System, also known as and doing business as The Pocono Medical Center (herein Pocono Medical Center) is a corporation duly organized and existing pursuant to the laws of the Commonwealth of Pennsylvania which, at all times during the events at issue herein, has done business as and owned, maintained and/or operated a general hospital known at the Pocono Medical Center located at 208 East Brown Street, East Stroudsburg, Pennsylvania 18301.

8. The Pocono Medical Center is a corporation duly organized and existing pursuant to the law of the Commonwealth of Pennsylvania which, at all times during the events at issue herein, has done business as and owned, maintained and/or operated a general hospital known as the Pocono Medical Center located at 208 East Brown Street, East Stroudsburg, Pennsylvania 18301.

9.  Jurisdiction is based upon diversity of citizenship of the parties and the amount in controversy, without interest and costs, exceeds the sum or value specified by 28 U.S.C. §1332.

10. Venue is proper in this District pursuant to 28 U.S.C. §1391(b)(2) because this is a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred. An essential element of Plaintiffs' cause of action occurred in this District in that Katherine received a substantial portion of her medical treatment, suffered extreme pain and suffering, and ultimately died at the Lehigh Valley Hospital located in Allentown, Pennsylvania. Furthermore, Pocono Health System and the Pocono Medical Center are part of the Jefferson Neuroscience Network offering patients access to the resources of Jefferson's Comprehensive Stroke Center. This is an action brought pursuant to the Wrongful Death and Survival Act of the Commonwealth of Pennsylvania, 42 Pa. C.S.A. §8301 and 42 Pa. C.S.A . §8302.

11. Venue is also proper in this District pursuant to 28 U.S.C. §1391(b)(1) and (d). Defendant ECS PA is subject to personal jurisdiction in Pennsylvania and conducts business in the Eastern District of Pennsylvania.  It has established multiple contacts with the Eastern District of Pennsylvania. Defendant ECS PA has an office at 1201 Newtown-Langhorne Road, Langhorne, Pennsylvania 19047. It staffs various types of physicians and personnel at the Pocono Medical Center. Furthermore, Defendant Dr. Tabor is  a resident and domiciliary of this District and is subject to personal jurisdiction in this District. 28 U.S.C. §1391(b)(1); *see also* 28 U.S.C. §1391(c)(1).

### COUNT I: NEGLIGENCE

**LIUDVIKAS BUKYS AND PAMELA ANN K. BUKYS H/W INDIVIDUALLY AND LIUDVIKAS BUKYS AS THE ADMINISTRATOR OF THE ESTATE OF KATHERINE A. BUKYS, DECEASED v. ALL NAMED DEFENDANTS**

12. Plaintiffs incorporate by reference the averments in all preceding paragraphs as though set forth fully herein.

13. At all times relevant to this action, Dr. Tabor held himself out as specializing in emergency room medicine and was an agent, servant, employee, apparent agent, and/or ostensible agent of

Defendants, Pocono Health System, Pocono Medical Center, and ECS PA, acting within the course and scope of his agency and/or employment.

14. At all times during the events at issue herein, Defendant, ECS PA employed Defendant Dr. Tabor and, upon information and belief, provided emergency room physician staffing at Pocono Medical Center.

15. At all times during the events at issue herein, Defendant ECS PA was acting in their institutional and/or corporate capacities and, also, was acting by and through their agents, servants, employees, apparent agents, and ostensible agents, whose identity beyond specified in this Complaint remains currently unknown to Plaintiffs.

16. At all times during the events at issue herein, Defendant Pocono Health System and Pocono Medical Center employed and/or controlled Defendant Dr. Tabor, was acting in their institutional and/or corporate capacities, and was also acting by and through their agents, servants, employees, apparent agents, and ostensible agents, whose identity is set forth in the medical records of the Pocono Medical Center.

17. At all times relevant to this action, all Defendants were acting in their own right and, also, by and through the acts and omissions of their agents, servants, employees, apparent agents and/or ostensible agents, who were acting under the control or right of control of their principal and within the course and scope of said agency, employment, apparent agency, or ostensible agency, who are identified in the medical records of the Pocono Medical Center, including Richard J. Tabor, M.D., Nicholas Teleo, M.D., Jessica Schmoyer, R.N., Cassie Marcinkevich, R.N., Christopher Dotter, R.N., Paulina Foley, P.A., R. Aleria, R.N., Natalya A. Gazizov, M.D., Mihaela Hangan, M.D., Zeba Syed, M.D., and possibly others unknown to the Plaintiffs at the time of filing this Amended Complaint.

18. Decedent Katherine Bukys became a patient at the Lehigh Valley Hospital on November 1, 2014 at or about 17:30 where she endured hours of pain and suffering after being transferred by medical helicopter from Pocono Medical Center.

4

19. Katherine died as a direct result of care and treatment by Defendants at Pocono Medical Center and their agents, ostensible agents, servants, workers, and employees that fell outside the acceptable medical and professional standards in that there was a failure to promptly diagnose and treat obvious stroke symptoms and a failure to transfer Katherine to a high level of care in a timely manner.

20. On November 2, 2014, Katherine passed away at or about 05:51 at the Lehigh Valley Hospital after the medical team there was unable to save her life despite multiple interventions to control complications resulting from the delayed diagnosis and mismanagement of her stroke symptoms at the Pocono Medical Center.

21. Defendants Dr. Tabor, ECS PA, Pocono Health System, and Pocono Medical Center solely, directly, and proximately caused the death of Katherine at the young age of 24 by the joint and several medical malpractice, negligence and carelessness of the Defendants while Katherine was in their care.

22. As a direct and proximate result of the medical malpractice, negligence, and carelessness of all named Defendants, acting individually or in concert, Katherine incurred medical expenses and a loss of earnings and earning capacity.

23. In addition to the averments of negligence and carelessness set forth above, Defendants ECS PA, Pocono Health System, and Pocono Medical Center are liable to Plaintiffs pursuant to the doctrine of corporate liability, as recognized by the Supreme Court of Pennsylvania in Thompson v. Nason Hosp., 591 A.2d 703 (Pa.1991), and its progeny.

24. Katherine's injuries and eventual death and demise at the young age of 24 were due in no matter whatsoever to any act or failure to act on Katherine's part and/or Plaintiffs' part, and Plaintiffs are entitled to recover the full value of the life of Decedent Katherine in addition to the damages listed above.

25. Katherine did not commence an action for damages relating to medical negligence in her lifetime.

## COUNT II: WRONGFUL DEATH

### LIUDVIKAS BUKYS AND PAMELA ANN K. BUKYS H/W INDIVIDUALLY AND LIUDVIKAS BUKYS AS THE ADMINISTRATOR OF THE ESTATE OF KATHERINE A. BUKYS, DECEASED V. ALL NAMED DEFENDANTS

26. Plaintiffs incorporate by reference the averments in all preceding paragraphs as though set forth here fully herein.

27. Plaintiffs, individually, and Plaintiff Liudvikas Bukys, in his capacity as the personal representative of the Estate of Katherine A. Bukys, Deceased, bring this action on behalf of all persons potentially entitled by law to recover damages for Katherine's wrongful death, in accordance with the Pennsylvania Wrongful Death Act, 42 Pa. C.S.A. §8301, and Rule 2202 of the Pennsylvania Rules of Civil Procedure.

28. Katherine leaves surviving the following persons potentially entitled to recover under the Wrongful Death Act, 42 Pa. C.S.A. §8301:

> Liudvikas Bukys
> 1 Cloister Lane
> Webster, New York 14580
> (father and Plaintiff herein)
>
> Pamela Ann K. Bukys
> 1 Cloister Lane
> Webster, New York 14580
> (mother and Plaintiff herein)
>
> Elizabeth Bukys
> 34 N. Albion Drive
> Colorado Springs, CO 80911
> (sister of Decedent Katherine herein)
>
> Zechariah Bukys
> 1 Cloister Lane
> Webster, New York 14580
> (brother of Decedent Katherine herein)

29. No recovery for the same damages claimed in this wrongful death action was obtained by Katherine during her lifetime, and no prior action has been brought on behalf of Katherine as a result of her wrongful death.

30. As proximate consequence of her wrongful death, Katherine's survivors have suffered, will continue to suffer forever, and claim damages for pecuniary losses including the following:

    (a)    medical, funeral, burial, and estate administration expenses;

    (b)    loss of the service, companionship, society, comfort, maintenance, guidance, and tutelage which Katherine would have provided for the remainder of her natural life;

    (c)    loss of the contribution that Katherine would have made for the rest of her life.

31. Plaintiffs claim damages for the full measure of damages allowed under the Pennsylvania Wrongful Death Act and decisional law interpreting said Act.

WHEREFORE, Plaintiffs, Liudvikas Bukys and Pamela Ann K. Bukys, individually, and Liudvikas Bukys, as the Administrator of the Estate of Katherine A. Bukys, Deceased, hereby demand judgment against all named Defendants jointly and severally and claim compensatory damages in an amount in excess of the sum of value specified by 28 U.S.C. §1332 exclusive of interest and costs, as well as prejudgment interest, post-judgment interest, and such other relief and damages as permitted by law.

## COUNT III: SURVIVAL

### LIUDVIKAS BUKYS, ADMINISTRATOR OF THE ESTATE OF KATHERINE A. BUKYS, DECEASED V. ALL NAMED DEFENDANTS

32. Plaintiff incorporates by reference the averments in all preceding paragraphs as though set forth fully herein.

33. Plaintiff brings this action on behalf of the Estate of Katherine A. Bukys, Deceased, in accordance with the Pennsylvania Survival Act, 42 Pa. C.S.A. §8302.

34. Plaintiff claims damages for the losses sustained by Katherine's estate, including:

    (a)    loss of Katherine's earnings, earning capacity, and income over the remainder of her natural life;

    (b)    Katherine's conscious mental and physical pain and suffering, discomfort, inconvenience, distress, embarrassment, fear, humiliation, disfigurement, and loss of life's pleasures from the time of the events at issue through the time of her death.

7

35. Plaintiff claims damages for the full measure of damages allowed under the Pennsylvania Survival

Act and decisional law interpreting said Act.

WHEREFORE, Plaintiffs, Liudvikas Bukys, Administrator of the Estate of Katherine A. Bukys,

Deceased, hereby demands judgment against all named Defendants jointly and severally and claims

compensatory damages in an amount in excess of the sum of value specified by 28 U.S.C. §1332

exclusive of interest and costs, as well as prejudgment interest, post-judgment interest, and such other

relief and damages as permitted by law.

### JURY TRIAL DEMAND

Plaintiffs hereby demand a trial by a jury of twelve (12).


MATTIONI, LTD.


Dated: **11/3/15**                          BY: _____

Eugene Mattioni, Esquire (Attorney I.D. #15291
399 Market Street, Suite 200
Philadelphia, PA 19106
(215) 629-1600
(215) 923-2227 (fax)
E-mail: emattioni@mattioni.com

Attorney for Plaintiffs Liudvikas Bukys and Pamela Ann
K. Bukys h/w individually and Liudvikas Bukys as the
Administrator of the Estate of Katherine A. Bukys,
Deceased

8

## CERTIFICATE OF SERVICE

I, EUGENE MATTIONI, hereby certify that a true and correct copy of Plaintiffs'

Amended Complaint was electronically filed with the Court and forwarded via mail by United

States first class mail on November 3, 2015 to the following attorneys:

Nancy K. Raynor, Esquire
Raynor & Associates
5 Great Valley Parkway
Suite 355
Malvern, PA 19355
Attorney for Defendant Richard J. Tabor, M.D.

David G. Tomeo, Esquire
Becker LLC Eisenhower Plaza II
354 Eisenhower Parking – Suite 1500
Livington, New Jersey 07039

Attorney for Emergency Care Services of Pennsylvania, P.C.

Bruce L. Coyer, Esquire
O'Malley Harris Durkin & Perry PC
345 Wyoming Avenue
Scranton, PA 18503
Attorney for The Pocono Health System and The Pocono Medical Center


Eugene Mattioni, Esquire

# EXHIBIT "A"

# State of New Jersey
## Monmouth County Surrogate's Court



In the Matter of the Estate of
**Katherine Bukys,** Deceased
(aka: )

**ADMINISTRATION
SHORT CERTIFICATE**
Docket No. **240848**

I, **Rosemarie D. Peters,** Surrogate of the County of **Monmouth,** do certify that Letters of Administration of the decedent, intestate, late of **Monmouth** County, on **December 8th, 2014**, were granted by the **Monmouth** County Surrogate's Court to **Liudvikas Bukys** who is(are) duly authorized to administer the same agreeably to law; and I further certify that said letters, as appears from the records of this Court, have never been revoked and still remain in full force and effect.

WITNESS my hand and seal of office, this
**8th day of December 2014**.

Rosemarie D. Peters

**Rosemarie D. Peters, Surrogate**



This is to certify that this is a true copy of the record which is on file in the Pennsylvania Department of Health, in accordance with the Vital Statistics Law of 1953, as amended.

## WARNING: It is illegal to duplicate this copy by photostat or photograph.



*Lana R Adams*

Lana R. Adams
State Registrar

**8313546**

No.

**NOV 05 2014**

Date

COMMONWEALTH OF PENNSYLVANIA • DEPARTMENT OF HEALTH • VITAL RECORDS
### CERTIFICATE OF DEATH

Type/Print in Permanent Black Ink

| | |
|---|---|
| 1. Decedent's Legal Name (First, Middle, Last, Suffix) **Katherine Bukys** | 2. Sex **Female** | 3. Social Security Number **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** | 4. Date of Death (Mo/Day/Yr) (Spell Mo) **November 2, 2014** |

5a. Age-Last Birthday (Yrs) **24** | 5b. Under 1 Year Months / Days | 5c. Under 1 Day Hours / Minutes | 6. Date of Birth (Mo/Day/Year) (Spell Month) **June 18, 1990** | 7a. Birthplace (City and State or Foreign Country) **Rochester NY**

7b. Birthplace (County) **Monroe**

8a. Residence (State or Foreign Country) **N.J** | 8b. Residence (Street and Number - include Apt No.) **1417 Unami Ave. Rear** | 8c. Did Decedent Live in a Hospital? ☐Yes, decedent lived in: ☒Ocean Twp.

8d. Residence (County) **Monmouth** | 8e. Residence (Zip Code) **07712** | 8f. No, decedent lived within limits of: _____ city/town

9. Ever in US Armed Forces? ☐Yes ☒No Unknown | 10. Marital Status at Time of Death ☐Married ☐Married ☒Divorced ☒Never Married ☐Widowed ☐Unknown | 11. Surviving Spouse's Name (if wife, give name prior to first marriage)

12. Father's Name (First, Middle, Last, Suffix) **Liudvikas Bukys** | 13. Mother's Name Prior to First Marriage (First, Middle, Last) **Pamela Ann Krause**

14a. Informant's Name **Liudvikas Bukys** | 14b. Relationship to Decedent **father** | 14c. Informant's Mailing Address (Street and Number, City, State, Zip Code) **1 Colster Lane Webster NY 14580**

15. If Death Occurred in a Hospital: ☒Inpatient ☐Emergency Room/Outpatient ☐Dead on Arrival | If Death Occurred Somewhere Other Than a Hospital: ☐Hospice Facility ☐Nursing Home/Long-Term Care Facility ☐Decedent's Home ☐Other (Specify) | 15a. Place of Death (Check only one)

15b. Facility Name (If not institution, give street and number) **Lehigh Valley Hospital - Cedar Crest** | 15c. City or Town, State, and Zip Code **Allentown, PA 18103** | 15d. County of Death **Lehigh**

16a. Method of Disposition ☐Burial ☒Cremation ☐Removal from State ☐Donation ☐Other (Specify) | 16b. Date of Disposition **11-4-2014** | 16c. Place of Disposition (Name of cemetery, crematory, or other place) **Strauch Crematory**

16d. Location of Disposition (City or Town, State, and Zip) **Lehigh Twp Pa 18424** | 17a. Signature of Funeral Service Licensee or Person in Charge of Interment *Ale Maille* | 17b. License Number **fd-138455**

17c. Name and Complete Address of Funeral Facility **Brian Arthur Strauch Funeral Homes & Cremation Srvs 602 Birch St Scranton Pa 18505**

18. Decedent's Education - Check the box that best describes the highest degree or level of school completed at the time of death.
☐ 8th grade or less
☐ No diploma, 9th - 12th grade
☐ High school graduate or GED completed
☐ Some college credit, but no degree
☐ Associate degree (e.g. AA, AS)
☐ Bachelor's degree (e.g. BA, AB, BS)
☐ Master's degree (e.g. MA, MS, MEng, MEd, MSW, MBA)
☐ Doctorate (e.g. PhD, EdD) or Professional degree (e.g. MD, DDS, DVM, LLB, JD)

19. Decedent of Hispanic Origin - Check the box that best describes whether the decedent is Spanish/Hispanic/Latino. Check the "No" box if decedent is not Spanish/Hispanic/Latino.
☒ No, not Spanish/Hispanic/Latino
☐ Yes, Mexican, Mexican American, Chicano
☐ Yes, Puerto Rican
☐ Yes, Cuban
☐ Yes, other Spanish/Hispanic/Latino (Specify)

20. Decedent's Race - Check ONE OR MORE races to indicate what the decedent considered himself or herself to be.
☐ White
☐ Black or African American
☐ American Indian or Alaska Native
☐ Asian Indian
☐ Chinese
☐ Filipino
☐ Japanese
☐ Korean
☐ Vietnamese
☐ Other Asian
☐ Native Hawaiian
☐ Guamanian or Chamorro
☐ Samoan
☐ Other Pacific Islander
☐ Other (Specify)

21. Decedent's Single Race SELF-Designation - Check ONLY ONE to indicate what the decedent considered himself or herself to be.
☒ White | ☐ Japanese | ☐ Samoan
☐ Black or African American | ☐ Korean | ☐ Other Pacific Islander
☐ American Indian or Alaska Native | ☐ Vietnamese | ☐ Don't Know/Not Sure
☐ Asian Indian | ☐ Other Asian | ☐ Refused
☐ Chinese | ☐ Native Hawaiian | ☐ Other (Specify)
☐ Filipino | ☐ Guamanian or Chamorro |

22a. Decedent's Usual Occupation - Indicate type of work done during most of working life. DO NOT USE RETIRED. **Packaging Engineer**

22b. Kind of Business/Industry

23a. Date Pronounced Dead (Mo/Day/Yr) | 23b. Signature of Person Pronouncing Death (Only when applicable) | 23c. License Number

23d. Date Signed (Mo/Day/Yr) | 24. Time of Death **5:51 AM** | 25. Was Medical Examiner or Coroner Contacted? ☒Yes ☐No

### CAUSE OF DEATH

26. Part I. Enter the chain of events—diseases, injuries, or complications—that directly caused the death. DO NOT enter terminal events such as cardiac arrest, respiratory arrest, or ventricular fibrillation without showing the etiology. DO NOT ABBREVIATE. Enter only one cause on a line.  Add additional lines if necessary | Approximate Interval: Onset to Death

IMMEDIATE CAUSE (Final disease or condition resulting in death) a. **Intracerebral Hemmorhage** | **1 hour**
Due to (or as a consequence of):
Sequentially list conditions, if any, leading to the cause listed on line a. Enter the UNDERLYING CAUSE (disease or injury that initiated the events resulting in death) LAST. b. **Cerebrovascular Accident (Stroke)** | **18 hours**
Due to (or as a consequence of):
c.
Due to (or as a consequence of):
d.
Due to (or as a consequence of):

26. Part II. Enter other significant conditions contributing to death but not resulting in the underlying cause given in Part I. **none** | 27. Was an autopsy performed? ☐Yes ☒No | 28. Were autopsy findings available to complete the cause of death? ☐Yes ☐No

29. If Female:
☐ Not pregnant within past year
☐ Pregnant at time of death
☐ Not pregnant, but pregnant within 42 days of death
☐ Not pregnant, but pregnant 43 days to 1 year before death
☒ Unknown if pregnant within the past year

30. Did Tobacco Use Contribute to Death?
☐ Yes ☐ Probably
☒ No ☐ Unknown

31. Manner of Death
☒ Natural ☐ Homicide
☐ Accident ☐ Pending Investigation
☐ Suicide ☐ Could not be determined

32. Date of Injury (Mo/Day/Yr) (Spell Month) | 33. Time of Injury

34. Place of Injury (e.g. home; construction site; farm; school) | 35. Location of Injury (Street and Number, City, County, State, Zip Code)

36. Injury at Work? ☐Yes ☐No | 37. If Transportation Injury, Specify: ☐Driver/Operator ☐Passenger ☐Pedestrian ☐Other (Specify) | 38. Describe How Injury Occurred:

39a. Certifier - physician, certified nurse practitioner, medical examiner/coroner (Check only one)
☒ Certifying only - To the best of my knowledge, death occurred due to the cause(s) and manner stated.
☐ Pronouncing & Certifying - To the best of my knowledge, death occurred at the time, date, and place, and due to the cause(s) and manner stated.
☐ Medical Examiner/Coroner - On the basis of examination and/or investigation, in my opinion, death occurred at the time, date, and place, and due to the cause(s) and manner stated.

Signature of certifier *Gary W. Clauser MD* | Title of certifier **MD** | License Number **MD0718241**

39b. Printed Name and Zip Code of Person Completing Cause of Death (Item 26) **Gary W. Clauser, MD  1250 S Cedar Crest Blvd, Allentown, PA 18103** | 39c. Date Signed (Mo/Day/Yr) **November 2, 2014**

40. Registrar's District Number **35327** | 41. Registrar's Signature *Michele A. Rinaldi* | 42. Registrar File Date (Mo/Day/Yr) **NOV 05 2014**

43. Amendments
**CORRECTED ITEM: #25**
**PER FD 11-5-14 js**

H105-143 REV 07/2012

# EXHIBIT "B"

## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| LIUDVIKAS  BUKYS and PAMELA ANN K. BUKYS h/w individually and LIUDVIKAS BUKYS as Administrator of the ESTATE OF KATHERINE A. BUKYS, DECEASED | : : : : : | CIVIL ACTION

NO: 5:15-cv-04110-JLS |
| Plaintiffs | : : | |
| v. | : : | |
| RICHARD J. TABOR, M.D. EMERGENCY CARE SERVICES OF PENNSYLVANIA, P.C. THE POCONO HEALTH SYSTEM THE POCONO MEDICAL CENTER | : : : : | |
| Defendants | : | |

## <u>CERTIFICATE OF MERIT AS</u>
## <u>TO DEFENDANT RICHARD J. TABOR, M.D.</u>

I, Eugene Mattioni, Esquire, certify that:

**XX**     an appropriate licensed professional has supplied a written statement to the undersigned that there is a basis to conclude that the care, skill, or knowledge exercised or exhibited by this Defendant in the treatment, practice, or work that is the subject of the Amended Complaint, fell outside acceptable professional standards and that such conduct was a cause in bringing about the harm;

AND/OR

the claim that this Defendant deviated from an acceptable professional standard is based on allegations that other licensed professionals for whom this Defendant is responsible deviated from an acceptable professional standard and an appropriate licensed professional has supplied a written statement to the undersigned that there is a basis to conclude that the care, skill, or knowledge exercised or exhibited by the other licensed professionals in the treatment, practice,

or work that is the subject of the Amended Complaint, fell outside acceptable professional

standards and that such conduct was a cause in bringing about the harm;

   AND/OR

   expert testimony of an appropriate licensed professional is unnecessary for prosecution of

the claim against this Defendant.


           BY:  _____

              EUGENE MATTIONI, ESQUIRE


Dated:  11/3/15

# EXHIBIT "C"

**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| LIUDVIKAS  BUKYS and PAMELA ANN K. BUKYS | : | CIVIL ACTION |
| h/w individually and LIUDVIKAS BUKYS as | : | |
| Administrator of the ESTATE OF KATHERINE A. | : | NO: 5:15-cv-04110-JLS |
| BUKYS, DECEASED | : | |
| | : | |
| Plaintiffs | : | |
| | : | |
| v. | : | |
| | : | |
| RICHARD J. TABOR, M.D. | : | |
| EMERGENCY CARE SERVICES OF PENNSYLVANIA, P.C. | : | |
| THE POCONO HEALTH SYSTEM | : | |
| THE POCONO MEDICAL CENTER | : | |
| | : | |
| Defendants | : | |

**CERTIFICATE OF MERIT AS TO DEFENDANT
<u>EMERGENCY CARE SERVICES OF PENNSYLVANIA, P.C.</u>**

I, Eugene Mattioni, Esquire, certify that:

**XX**    an appropriate licensed professional has supplied a written statement to the undersigned

that there is a basis to conclude that the care, skill, or knowledge exercised or exhibited by this

Defendant in the treatment, practice, or work that is the subject of the Amended Complaint, fell

outside acceptable professional standards and that such conduct was a cause in bringing about

the harm;

AND/OR

**XX**    the claim that this Defendant deviated from an acceptable professional standard is based

on allegations that other licensed professionals for whom this Defendant is responsible deviated

from an acceptable professional standard and an appropriate licensed professional has supplied a

written statement to the undersigned that there is a basis to conclude that the care, skill, or

knowledge exercised or exhibited by the other licensed professionals in the treatment, practice,

or work that is the subject of the Amended Complaint, fell outside acceptable professional

standards and that such conduct was a cause in bringing about the harm;

     AND/OR

     expert testimony of an appropriate licensed professional is unnecessary for prosecution of

the claim against this Defendant.

BY: _____
         EUGENE MATTIONI, ESQUIRE

Dated: __11/3/15__

# EXHIBIT "D"

# IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| LIUDVIKAS  BUKYS and PAMELA ANN K. BUKYS h/w individually and LIUDVIKAS BUKYS as Administrator of the ESTATE OF KATHERINE A. BUKYS, DECEASED<br><br>Plaintiffs<br><br>v.<br><br>RICHARD J. TABOR, M.D. EMERGENCY CARE SERVICES OF PENNSYLVANIA, P.C. THE POCONO HEALTH SYSTEM THE POCONO MEDICAL CENTER<br><br>Defendants | CIVIL ACTION<br><br>NO: 5:15-cv-04110-JLS |

## CERTIFICATE OF MERIT AS TO DEFENDANTS THE
## <u>POCONO HEALTH SYSTEM and THE POCONO MEDICAL CENTER</u>

I, Eugene Mattioni, Esquire, certify that:

**XX**    an appropriate licensed professional has supplied a written statement to the undersigned that there is a basis to conclude that the care, skill, or knowledge exercised or exhibited by these Defendants in the treatment, practice, or work that is the subject of the Amended Complaint, fell outside acceptable professional standards and that such conduct was a cause in bringing about the harm;

AND/OR

**XX**    the claim that these Defendants deviated from an acceptable professional standard is based on allegations that other licensed professionals for whom these Defendants are responsible deviated from an acceptable professional standard and an appropriate licensed professional has supplied a written statement to the undersigned that there is a basis to conclude that the care,

skill, or knowledge exercised or exhibited by the other licensed professionals in the treatment,

practice, or work that is the subject of the Amended Complaint, fell outside acceptable

professional standards and that such conduct was a cause in bringing about the harm;

AND/OR

expert testimony of an appropriate licensed professional is unnecessary for prosecution of

the claim against this Defendant.


BY: _____

EUGENE MATTIONI, ESQUIRE


Dated: __11/3/15_____